# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                               CRIMINAL ACTION NO. 2:06-cr-237

MARLON RUSH,

        Defendant.

## MEMORANDUM OPINION AND JUDGMENT ORDER

On November 1, 2010, pursuant to the Fair Sentencing Act of 2010, the United States Sentencing Guidelines were amended resulting in reductions in the guidelines in Section 2D1.1 for cocaine base. These temporary, emergency amendments to the Guidelines took effect on November 1, 2010. Permanent amendments implementing the Act were promulgated on April 6, 2011, with an effective date of November 1, 2011. Subsequently, the Sentencing Commission voted to give retroactive effect to the permanent amendments. Pursuant to a Standing Order entered on October 7, 2011, this case was designated for Standard consideration.

The Court has received and considered the original Presentence Investigation Report (PSI), original Judgment and Commitment Order and Statement of Reasons, addendum to the PSI from the Probation Office, and any materials submitted by the parties on this issue. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

Defendant's original Presentence Investigation Report attributed to him 258.8 grams of cocaine base. His original offense conduct resulted in a base offense level of 34, and a criminal history category of II. This Defendant received a three-level reduction for acceptance of responsibility. No other enhancements or reductions were applied. His original guideline range was 121 to 151 months and he was sentenced to a term of one hundred twenty-one (121) months of imprisonment. On May 18, 2010, as a result of the 2007 United States Sentencing Guideline amendment, Defendant's base offense level was reduced by two levels, resulting in a new total offense level of 29. His corresponding guideline range became 97 to 121 months. His previous sentence was reduced to ninety-seven (97) months, with credit for time served.

During his period of incarceration since that time, the Court observes that Defendant has received two disciplinary sanctions for abuse of phone privileges and failing to follow safety regulations. He has completed the inmate financial responsibility program requirements and the 40-hour drug education program. He has also complied with the DNA collection program.

By its written and filed response, the United States does not object to the reduction ordered herein.

Based on the foregoing considerations, the Court **ORDERS** that Defendant's base offense level be reduced by two levels, resulting in a new total offense level of 27. Given this total offense level and his criminal history category of II, Defendant's new advisory guideline range becomes 78-97 months. It is further **ORDERED** that Defendant's previous sentence be reduced to a period of seventy-eight (78) months, with credit for time served to date. This Order is subject to the prohibition contained within U.S.S.G. §1B1.10(b)(2)(C).

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, to the United States Attorney, to the United States Probation Office and to the United States Marshals.

ENTER: December 9, 2011

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA